UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENVIRONMENTAL & TECHNICAL
CONTROLS, Inc., a Michigan corporation,

    Plaintiff,

v.                                                                                    Case No. 04-73528

CITY OF DETROIT, a Michigan municipal                HONORABLE AVERN COHN
corporation; AUDREY P. JACKSON, in her
individual capacity of Purchasing Director;
CLARENCE DISHMAN, in his individual
and official capacity of Superintendent; and
BERNADETTE WALKER, in her individual
and official capacity,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS[1]

### I. Introduction

This is a 42 U.S.C. § 1983 case. Plaintiff Environmental and Technical Controls, Inc. (Environmental) is suing Defendants City of Detroit (the City); Audrey Jackson (Jackson), a purchasing director for the City; Clarence Dishman (Dishman), a superintendent at the Detroit Water and Sewerage Department (DWSD); and Bernadette Walker (Walker), a City of Detroit employee; claiming that defendants' decision to terminate a contract between the City and Environmental rises to the level of a constitutional violation. Environmental asserts four claims:

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

| Count | Claim |
|---|---|
| 1 | Violation of 42 U.S.C. § 1983 |
| 4 | Infringement of Property Interest Under the Fourteenth Amendment |
| 6 | Deprivation of Property Rights Under Color of Law in Violation of 42 U.S.C. § 1983 |
| 7 | Conspiracy to Terminate Plaintiff's Contract[2] |

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. For the reasons that follow, the motion is GRANTED and this case is DISMISSED.

## II. Background

### A. Factual Background[3]

In August 2002, the Detroit City Council passed a resolution that awarded Environmental a contract to haul rubble for DWSD. The contract was to become effective on November 1, 2002.

On November 18, 2002,[4] Environmental received a letter from Dishman, stating that Dishman was proposing to terminate Environmental's contract with the City. Environmental says that Dishman subsequently amended his letter to include charges

---

[2] The complaint as originally filed contained seven counts. On April 19, 2005, however, the Court entered a stipulated order dismissing Counts 2, 3, and 5.

[3] The background is gleaned from the complaint. The factual allegations are taken as true for purposes of this motion. See Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 451-52 (6th Cir. 2003).

[4] The complaint contains two references to dates in November 2003. The parties' briefs, however, state that most of the events that form the basis of this case happened in 2002. It appears as though Environmental's reference to November 2003 is a typographical error and instead should refer to November 2002.

that Environmental's performance was wholly inadequate.

On November 24, 2002, Environmental sent a letter to Dishman addressing the proposed contract termination and denying the its alleged failure to meet the terms and conditions of the contract.

Environmental says that defendants' actions were pretextual and part of a conspiracy to terminate the contract between Environmental and the City. Environmental says that defendants conspired to deprive it of its due process rights under the Fourteenth Amendment to the U.S. Constitution.

### B. Procedural Background

Environmental filed this case on September 13, 2004. Environmental, however, on February 26, 2003 filed in state court another case involving the same operative facts presented here. Indeed, an examination of the relevant procedural history reveals much procedural jockeying on the part of Environmental that has caused unnecessary delay and a waste of defendants' and the Court's resources.

In the state-court action, Environmental and its principal, Larry Wiggins, filed a "Complaint and Emergency Motion for Temporary Restraining Order and or Order to Show Cause" in Wayne County, Michigan, Circuit Court. Plaintiffs asked the state court to enjoin the City from re-bidding the contract between Environmental and the City and to allow Environmental to continue performing under the contract. Plaintiffs withdrew their motion for injunctive relief, but they refused to dismiss the remainder of this state-court complaint.

The City filed a motion for summary judgment.  In response, and the day before the City's motion was to be heard, plaintiffs alleged for the first time that the City's termination of the contract violated the U.S. Constitution.  The City argued that plaintiffs could not raise federal claims never before asserted in the pleadings in opposition to the City's motion.  Plaintiffs, however, refused to agree to not assert federal claims.  The City, therefore, removed the case to this court, Case No. 04-73779.  The case initially was assigned to another judge in this district and later reassigned to the Court as a companion to this case, i.e., the case that is the subject of defendants' motion to dismiss.

At a status conference held on November 16, 2004, plaintiffs agreed not to assert federal claims.  Accordingly, the Court remanded Case No. 04-73779 to Wayne County Circuit Court.  Upon remand, the City again filed a motion for summary judgment.  In response, plaintiffs again asserted federal claims in opposition to the City's motion.  The City again removed the case to this Court, Case No. 05-70338.  Plaintiffs have filed a motion to remand this case to state court.  The motion is currently pending.[5]

### III. Legal Standard

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted.  "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and

---

[5] The only difference between this case and the state-court case removed to this Court is that plaintiffs in state court have asserted through a brief opposing the City's motion for summary judgment the same federal claims Environmental asserts here. Because the federal claims have no merit, the Court will issue an order dismissing the federal claims and again remanding the case to state court.

4

determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

## IV. Discussion

### A. 42 U.S.C. § 1983[6]

Section 1983 on its own creates no substantive rights; rather, it is a vehicle by which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). "To successfully establish a claim under § 1983, a claimant must show that he or she was deprived of a right secured by the Constitution and the laws of the United States by one acting under the color of law." Ahlers v. Schebil, 188 F.3d 365 (6th Cir. 1999) (internal citations omitted).

---

[6] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

5

A political subdivision is liable under § 1983 if its official policies or informal customs cause constitutional violations. Heflin v. Stewart County, Tennessee, 958 F.2d 709, 716 (6th Cir. 1992). A governmental entity may have liability for the same actions for which public officials enjoy qualified immunity. Barber v. City of Salem, Ohio, 953 F.2d 232, 237-38 (6th Cir. 1992).

In order to state a claim against a municipality under § 1983, a plaintiff must show that the municipality, through custom or policy, caused the alleged constitutional violation. Monell v. Dept. of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality cannot be vicariously liable under § 1983 for a constitutional violation caused by its employees or agents. Id. at 694, 98 S. Ct. at 2037. Rather, a local government can be liable under § 1983 when a government custom is "so permanent and well settled as to constitute a custom or usage with the force of law," Davenport v. Simmons, 192 F. Supp. 2d 812, 824 (W.D. Tenn. 2001), or when the government's official policy is the "moving force of the constitutional violation." Monell at 694, 98 S. Ct. at 2037-38. See also Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d. 452 ("municipal liability under § 1983 attaches where–and only where–a deliberate choice to follow a course of action is made from among various alternatives. . . .").

In order to show the existence of a custom or policy for purposes of municipal liability under § 1983, the plaintiff must plead specific facts in support of the claim; the plaintiff may not merely state conclusory allegations. Culberson v. Doan, 125 F. Supp. 2d 252, 263-64 (S.D. Ohio 2000).

### B. Parties' Arguments

Defendants make three arguments in support of their motion.  First, they say that Environmental has failed to state a claim because this case is a simple breach of contract action that does not implicate constitutional concerns.  Second, defendants say that, even if Environmental could show a constitutional violation, it has failed to plead that it was injured by virtue of a custom, policy, or practice of the City, a prerequisite to a municipal liability claim under 42 U.S.C. § 1983.  Finally, defendants say that, with respect to Count Six, Environmental cannot obtain injunctive relief because it cannot show that legal damages are inadequate to compensate it for defendants' alleged wrongs.[7]

Rather than directly responding to defendants' arguments, Environmental engages in a discussion of the surrounding circumstances relating to the contract and the City's alleged breach, as well as a discussion of the implied covenant of good faith and fair dealing.  Environmental only makes a cursory reference to constitutional violations.  It says that the City's decision to terminate the contract amounts to a taking of Environmental's property without due process, in violation of the Fifth and Fourteenth Amendments.[8]

## C. Analysis

---

[7] Environmental concedes in its response brief that it is not entitled to injunctive relief.

[8] Environmental's references to the Fifth Amendment are of no moment.  The Fifth Amendment's due process clause circumscribes only the actions of the federal government.  Sturgell v. Creasy, 640 F.2d 843, 850 (6th Cir. 1981).  Environmental is not challenging any action on the part of the federal government.  The Fourteenth Amendment's due process clause, on the other hand, restricts the activities of the states and their instrumentalities.  Prater v. City of Burnside, Ky., 289 F.3d 417, 431 (6th Cir. 2002).

Environmental's position is unavailing.  First, the complaint is devoid of allegations that any constitutional violations occurred as a result of a custom or policy of the City.  Such an allegation is necessary to state a claim against a municipality under 42 U.S.C. § 1983.  See Monell, supra; Culberson, 125 F. Supp. 2d at 263-64.  Second, while a contract can be a constitutionally protected property interest, it is well established in the Sixth Circuit that a simple breach of contract does not rise to the level of a constitutional violation.  Charlie's Towing & Recovery, Inc. v. Jefferson County, Ky., 183 F.3d 524, 527 n.3 (6th Cir. 1999).  As Environmental has failed to state a claim against defendants under 42 U.S.C. § 1983, the remaining claim, Count Seven (Conspiracy to Terminate Plaintiff's Contract) is DISMISSED AS MOOT.

SO ORDERED.

Dated:  July 19, 2005

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 19, 2005, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager, (313) 234-5160